IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**GREGORY LEFERRELL WARREN**,

Defendant.

Case No. 3:91-72-SI

**OPINION AND ORDER**

Billy J. Williams, United States Attorney, and Gary Y. Sussman, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Thomas J. Hester, Assistant Federal Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 S.W. Main Street, Suite 1700, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

This case concerns whether the Court has the authority to preside over supervised release violation proceedings for Defendant Gregory Leferrell Warren ("Warren"). Warren argues that the Court has no such authority. According to Warren, the Court lacks subject matter jurisdiction because no valid violation warrant issued before the expiration of his supervised release. The government responds that because Warren's supervised release was tolled while he was in the custody of the State of Georgia and the State of Oregon and during the time he was a fugitive,

PAGE 1 – OPINION AND ORDER

the Court retains jurisdiction to adjudicate Warren's alleged supervised release violation. For the reasons that follow, the Court concludes that it has subject matter jurisdiction.

## STANDARDS

A released defendant can be arrested without a warrant during the period of supervised release for violating the terms of that release. 18 U.S.C. § 3606. This statute provides:

> If there is probable cause to believe that a . . . person on supervised release has violated a condition of his . . . release, he may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. A probation officer may make such an arrest whenever the . . . releasee is found, and may make the arrest without a warrant.

*Id.* During the period of supervised release, the district court has jurisdiction to revoke the supervised release, with or without a sworn warrant, if the district court finds by a preponderance of the evidence that the defendant violated the terms of release. 18 U.S.C. § 3583(e)(3). After the period of supervised release has expired, however, the district court can revoke the supervised release only if a warrant based on sworn facts had been issued within the supervised release period. 18 U.S.C. § 3583(i); *United States v. Murguia-Oliveros*, 421 F.3d 951, 953 (9th Cir. 2005); *United States v. Vargas-Amaya*, 389 F.3d 901, 907 (9th Cir. 2004).

The period of supervised release is tolled during the time the defendant is incarcerated for conviction of a crime. Under 18 U.S.C. § 3624(e), "A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." The Ninth Circuit has held that the period of supervised release also is tolled during any time that the defendant has absconded from supervision, or is in "fugitive status." *Murguia-Oliveros*, 421 F.3d at 953 (citing *United States v. Crane*, 979 F.2d 687, 691 (9th Cir.1992)). A defendant absconds and is in fugitive status when "[h]e stop[s] serving the terms of supervised

release by leaving the place where he was supposed to serve it" or otherwise ceases to serve the terms of his supervised release. *Id.* at 953-54. Tolling during imprisonment and tolling while the defendant is in fugitive status are automatic and do not require a judicial tolling order. *United States v. Ahmadzai*, 723 F.3d 1089, 1093 (9th Cir. 2013).

## BACKGROUND

On November 26, 1991, U.S. District Judge Helen J. Frye sentenced Warren to 30 months in prison for his conviction of being a felon in possession of a firearm. Judge Frye determined that this sentence should run consecutively to his Oregon state convictions for burglary, attempted rape, sex abuse, and assault. In addition to his sentence of 30 months imprisonment for the federal conviction, Warren also was required to serve three years on federal supervised release. Warren's supervised release began on June 27, 2001, and was set to expire on June 26, 2004.

On January 28, 2002—approximately seven months after Warren's supervised release began—Warren called his probation officer to report that he had moved to a new residence. Warren told his probation officer that he did not know his new address but that he would call back with the information. Warren never called back. On February 12, 2002, Warren's probation officer learned that Warren had not reported to work since February 7, 2002. Warren also missed urinalysis testing for three consecutive months in December 2001, January 2002, and February 2002. Accordingly, on February 27, 2002, Judge Frye issued a warrant and order to show cause why Warren's term of supervised release should not be revoked.

Two days before Judge Frye issued the warrant and order to show cause, the State of Oregon issued a parole violation warrant. Warren had failed to report for sex offender treatment. Warren's whereabouts remained unknown for almost six months, until August 14, 2002, when Warren was arrested in Georgia on separate criminal charges, as well as the federal and state

PAGE 3 – OPINION AND ORDER

supervision violation warrants. Warren was sentenced to six months in jail, with credit for time served, for his conviction in Georgia. After he served his sentence in Georgia, he was transferred to Oregon to serve time for his state parole violation.

While Warren was in the State of Oregon's custody, on November 22, 2004, the Ninth Circuit decided *Vargas-Amaya*, 389 F.3d 901. *Vargas-Amaya* held that a district court cannot extend a period of supervised release under 18 U.S.C. § 3583(i) unless a warrant based on sworn facts issues before the period of supervised release expires. *Id.* at 907. Because the warrant Judge Frye issued in 2002 was not based on a sworn statement, U.S. District Judge Ancer Haggerty[1] concluded that the court no longer had jurisdiction.[2] Judge Haggerty ordered the warrant and order to show cause withdrawn until further order.

In August 2005, the Ninth Circuit clarified that a defendant's term of supervised release is tolled while a defendant is in fugitive status. *Murguia-Oliveros*, 421 F.3d at 955. Further, before the period of supervision expires, the district court retains jurisdiction to adjudicate supervised release violation proceedings even "on the basis of an unsworn warrant." *Id.* Additionally, on October 4, 2005, the U.S. Probation Office amended the original petition for a warrant to include a sworn statement supporting Warren's alleged violation of the terms of his supervised release. Based on the Ninth Circuit's decision in *Murguia-Oliveros* and the amendment, Judge Haggerty reinstated the original warrant and order to show cause on October 7, 2005.

---

[1] Judge Frye took senior status in 1995, and the case was handled by Judge Haggerty in 2005. Judge Haggerty retired from federal judicial service on December 31, 2014. The case was reassigned from Judge Frye to this Court on June 17, 2016 (ECF 59).

[2] Because of the statutory tolling provision in 18 U.S.C. § 3624(e), Judge Haggerty's initial conclusion that the court no longer had jurisdiction of supervision appears to have been mistaken.

PAGE 4 – OPINION AND ORDER

Warren remained in state custody from August 14, 2002, until June 17, 2016, when he was brought before U.S. Magistrate Judge Stacie F. Beckerman under a federal detainer based on the warrant and show cause order now at issue. Shortly before making his initial appearance, Warren filed the pending motion to dismiss for lack of subject matter jurisdiction. Judge Beckerman determined that this Court should decide Warren's motion.

## DISCUSSION

Warren argues that the term of his supervised release was not tolled during the period that he had absconded from supervised release. Warren does not dispute, however, that under 18 U.S.C. § 3624(e), the term of supervised release was tolled while he was in state custody. At the time of his arrest in Georgia, Warren had only served approximately one year and two months of his three-year term of supervised release. Therefore, at the time of his release from state custody on June 17, 2016, Warren's term of supervised release had not yet expired.

Pursuant to 18 U.S.C. § 3606, Warren could still be arrested on probable cause that he violated a condition of his supervised release, with or without a warrant supported by a sworn statement. The amended warrant also was issued before Warren's supervised release had expired. In these circumstances, 18 U.S.C. § 3606 and 18 U.S.C. § 3583(e)(3) give the Court jurisdiction to adjudicate supervised release violation proceedings. *See Murguia-Oliveros*, 421 F.3d at 955 ("By virtue of tolling, the term of supervised release had not expired at the time of his arrest or at the time of the revocation. The district court therefore had jurisdiction to revoke [the defendant's] term of supervised release, and on the basis of an unsworn warrant.").

Further, under Ninth Circuit case law, Warren's term of supervised release also was tolled during the time of his fugitive status. *Murguia-Oliveros*, 421 F.3d 951. Fugitive tolling began at the time he became a fugitive, not when the government obtained a warrant. *United States v. Ignacio Juarez*, 601 F.3d 885, 888-890 (9th Cir. 2010) ("Fugitive tolling begins when

PAGE 5 – OPINION AND ORDER

the defendant absconds from supervision—making it impossible for the Probation Office to supervise his actions—and ends when federal authorities are capable of resuming supervision."). Therefore, Warren's term of supervised release was tolled by his fugitive status from, at the latest, February 12, 2002, when his probation officer learned that Warren had both moved without informing the officer of his new address and had not reported for work. Fugitive tolling can be combined with tolling during prison terms. *Id.* at 890-91. Accordingly, Warren's term of supervised release was tolled from at least February 12, 2002, until his release from state custody on June 17, 2016. Under this calculation, Warren has served only seven months and sixteen days of his three-year term of supervised release, and that release still may be revoked.

The decisions in *United States v. Pocklington*, 792 F.3d 1036 (9th Cir. 2015), and *Bowles v. Russell*, 551 U.S. 205 (2007), do not alter the Court's analysis regarding the applicability of fugitive tolling to this case. In *Pocklington*, the Ninth Circuit held that a district court cannot extend a period of supervised release unless a sworn warrant issues before the period's expiration. In that case, the defendant's probation expired without the U.S. Probation Office seeking a warrant or summons. The office simply requested that the district court extend probation while the FBI investigated allegations of a probation violation. According to the Ninth Circuit, the statutory requirement that a warrant issue before the term of supervision expires is a jurisdictional requirement that cannot be waived upon the request of the U.S. Probation Office. *Pocklington*, 792 F.3d at 1040-41. Quoting *Bowles*, the Ninth Circuit stressed that it has "no authority to create equitable exceptions to jurisdictional requirements." *Id.* at 1040 (quoting *Bowles*, 551 U.S. at 214). The court expressly stated that it was not deciding any issues related to fugitive tolling. *Id.* at 1040 n.1. ("Fugitive tolling is inapposite to the facts of Pocklington's case . . . .").

PAGE 6 – OPINION AND ORDER

Similarly, *Bowles* involved a district court's unilateral extension of the time for a defendant to file a notice of appeal in a habeas case. Because the appeal was filed after the statutory deadline, the court of appeals concluded that it lacked jurisdiction to hear the appeal. The Supreme Court agreed, stating "that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate." *Bowles*, 551 U.S. at 214. Warren argues that because the doctrine of fugitive tolling is an equitable exception to the jurisdictional requirements of 18 U.S.C. § 3583(i), *Bowles* requires this Court to refuse to recognize the doctrine. In *Pocklington*, however, the Ninth Circuit declined to "resolve any tension between [its precedent] and the Supreme Court's statements in *Bowles*." *Pocklington*, 792 F.3d at 1040 n.1. Until such time as the Supreme Court or the Ninth Circuit resolves that tension, this Court remains bound by the Ninth Circuit case law recognizing fugitive tolling.[3]

The question of "fugitive" tolling, however, does not appear to be dispositive of the issue of whether the Court has subject matter jurisdiction. Regardless of whether the tolling of Warren's term of supervised release began in February 2002 (based on fugitive tolling) or in August 2002 (based on state custodial tolling), his term of supervised release had not expired when the U.S. Probation Office amended the original warrant to include a sworn statement and

---

[3] Several courts of appeal are split over whether a period of supervised release is tolled when a person absconds from supervision. *Compare United States v. Hernandez-Ferrer*, 599 F.3d 63, 67 (1st Cir. 2010) ("Assuming, without deciding, that the appellant was a fugitive, we nonetheless reject the government's asseveration that an offender's fugitive status tolls the running of a term of supervised release." (footnote omitted)), *with United States v. Buchanan*, 638 F.3d 448, 457 (4th Cir. 2011) ("[W]hen a defendant absconds from supervised release, his supervised release 'clock' stops, and it resumes when federal authorities are capable of resuming supervision."). Despite Warren's assertion that the Ninth Circuit is on the wrong side of the circuit split, there does not appear to be a clear majority on either side of the divide. In any event, this Court must follow Ninth Circuit precedent.

PAGE 7 – OPINION AND ORDER

when Judge Haggerty reinstated the original warrant in October 2005. Additionally, Warren's period of supervised release still has not expired, and no warrant is required for his arrest on probable cause that he has violated a condition of his supervised release. This is because of the automatic tolling during the period of Warren's state custody. Therefore, the Court has subject matter jurisdiction under both 18 U.S.C. § 3606 and 18 U.S.C. § 3583(i) to adjudicate Warren's supervised release violation proceedings.[4]

## CONCLUSION

Warren's motion to dismiss for lack of subject matter jurisdiction (EFC 58) is denied.

**IT IS SO ORDERED**.

DATED this 23rd day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[4] In a supplemental brief, Warren also argues that Judge Haggerty's withdrawal of the warrant on December 17, 2004, strips the Court of subject matter jurisdiction based on principles of finality, double jeopardy, and due process. Judge Haggerty's December 17, 2004 Order, however, expressly was not a final order. Judge Haggerty ordered that "the warrant and order to show cause that the defendant violated conditions of supervised release be withdrawn ***until further order of the Court***." ECF 54 at 2 (emphasis added). Additionally, Judge Haggerty crossed out the word "dismissed" and added the word "withdrawn" with his initials in both the caption and the footer of his order. This substitution further indicates Judge Haggerty's intent that the order not serve as a final order ending Warren's supervised release. Nor was Judge Haggerty's order a sentencing determination. The cases cited by Warren in support of his argument, thus, are inapposite. Further, because the term of supervised release had not expired in 2005, the district court was free to issue a new or amended warrant based on additional findings supporting probable cause that Warren violated the conditions of his supervised release.